C. A. 11th Cir. Application for stay of mandates, presented to Justice Kennedy, and by him referred to the Court, denied. Certiorari denied.
Justice Stevens,
respecting the denial of certiorari.
It is important to emphasize that the denial of the petition for writ of certiorari is not a ruling on any of the unsettled and important questions of law presented in the petition. See Singleton v. Commissioner, 439 U. S. 940, 942 (1978) (Stevens, J., respecting denial of certiorari).
*1123 Justice Thomas,
respecting the denial of certiorari.
On January 31, 1992, I voted to deny the Government’s application to stay the District Court’s injunctions in this case because, in my view, the petitioners deserved the additional 24 hours they had requested for the purpose of taking depositions and filing a response. Ante, p. 1083. The petitioners have since briefed the merits of their petition for certiorari, and I now conclude that under the standards this Court has traditionally employed, cf. this Court’s Rule 10.1, the petition should be denied.
The affidavits filed throughout this litigation have sought to describe the conditions in Haiti and the treatment the returnees have received there. I am deeply concerned about these allegations. However, this matter must be addressed by the political branches, for our role is limited to questions of law. Because none of the legal issues presented in this petition provides a basis for review, I join the Court’s denial of certiorari.